*Bramblette, Durrett & Briggs, for appellant.*
*Bullitt, for appellee.*

---

THOMAS BUTLER, &c., v. MELINDA BUTLER.

Descent and Distribution—Death—Subsequent Legislation.
    The right of the widow and heirs in and to the estate of the decedent vested in them, at his death, and no subsequent legislation can divest them of the interest they acquired.

Dower—Failure of Heirs to Allot Cost.
    It is the duty of heirs to have the widow's dower alloted her and upon their failure to do so, it was right and proper for her to institute proceedings against them, for that purpose, and the cost of such a proceeding must be paid by the heirs.

APPEAL FROM JESSAMINE CIRCUIT COURT.

January 9, 1872.

OPINION OF THE COURT BY CHIEF JUSTICE PRYOR:

The act of the Legislature approved the 17th of March, 1870, entitled "An Act for the benefit of the widows and orphans of this State," does not apply to the claim set up by the widow of John Butler, deceased. The right of the widow and heirs, in and to the estate of the decedent vested in them, at his death, and no subsequent legislation can divest them of the interest they acquired. It was the duty of the heirs to have the widow's dower allotted her, and upon their failure to do so, it was right and proper for her to institute proceedings against them for that purpose, and the costs of such a proceeding must be paid by the heirs. The judgment of the court below, so far as it allows the widow, one hundred and sixty-five dollars in lieu of the property she claims by reason of the act of March, 1870, is reversed, and cause remanded for further proceedings not inconsistent with this opinion.

*Bronaugh,* for appellants.
*McKee,* for appellee.